SILVER & SILVER
By:  Joseph F. Schwartz, Esquire
Identification No.: 87550
42 W. Lancaster Ave., Third Floor
Ardmore, PA 19003
(610) 658 – 1900                                                                   Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Carolyn Kantor and Gregory Shugar (h/w) | : | Civil Action |
|     v. | : | |
| Richard Leahn McDonald | : | No. |
|     and | : | |
| Demetrius H. Roach a.k.a | : | |
| Demetrius Ropes | : | |
|     and | : | |
| Rapid Fast LLC | : | |

**CIVIL ACTION**
**COMPLAINT**

1. Plaintiff Carolyn Kantor (hereinafter referred to as "Ms. Kantor") is an adult individual residing at 220 Shawmont Ave, Philadelphia PA 19128 and is a resident and citizen of Pennsylvania.

2. Plaintiff Gregory Shugar (hereinafter referred to as "Mr. Shugar") is an adult individual residing at 220 Shawmont Ave, Philadelphia PA 19128 and is a resident and citizen of Pennsylvania.

3. At all relevant times, Plaintiffs Carolyn Kantor and Gregory Shugar are and have been legally married to one another.

4. Defendant Demetrius H. Roach a.k.a Demetrius Ropes (hereinafter "Defendant Roach") is an adult individual residing at 5424 Page Blvd, Saint Louis, MO 63112 and is a resident and citizen of Missouri.

1

5. Defendant Rapid Fast LLC (hereinafter "Defendant Rapid") is a Missouri corporation with a place of business located at 5424 Page Blvd, Saint Louis, MO 63112.

6. Defendant Richard Leahn McDonald (hereinafter "Defendant McDonald") is an adult individual residing at 7 Crown Point Drive #27, Dover, New Hampshire 03820 and is a resident and citizen of New Hampshire.

7. Defendant McDonald was the agent, servant, workman or employee of Defendants Roach and Rapid, and was operating the truck involved in this accident, in the course and scope of his employment with Defendants Roach and Rapid.

8. Venue is proper because the motor vehicle accident occurred in the city of Wyndmoor located in Montgomery County, in the Eastern District of Pennsylvania.

9. Venue is proper because Plaintiffs are citizens of Pennsylvania and there is complete diversity of citizenship between the Plaintiffs and Defendants in this matter.

10. This matter arises out of an accident which occurred on or about October 29, 2021, at approximately 1:09 p.m. at the intersection of Paper Mill Road and Montgomery Avenue in Wyndmoor, Pennsylvania.

11. At all times material hereto, Defendant McDonald was the operator of a 2019 Hino 268 Truck.

12. At all times material hereto, Defendant Roach was the owner and president of Rapid Fast LLC.

13. At all times material hereto, Defendants Roach and Rapid owned, supervised, operated and maintained the aforementioned Hino truck.

14. At all times material hereto, Ms. Kantor was the owner and operator of a 2009 Honda Civic.

15. As both vehicles were traveling westbound on Paper Mill Road, Defendant McDonald was in the left turn lane attempting to turn left onto Montgomery Ave while Ms. Kantor was in the right lane heading straight.

16. As Defendant McDonald was turning left onto Montgomery Ave, where there was a "No Truck" sign posted, he swerved into the right lane violently crashing into the driver's side of Ms. Kantor's vehicle, pinning the doors shut.

17. Ms. Kantor had to crawl out of her vehicle through the passenger side.

18. At all times material hereto, Ms. Kantor acted in a reasonable and prudent manner, was in no way negligent, and in no manner caused or contributed to the occurrence of this collision.

19. The collision and Ms. Kantor's injuries were directly and proximately caused by the negligence of Defendants and were due in no manner to any act or omission on the part of Ms. Kantor.

20. At all times material hereto, Ms. Kantor did not assume the risk of her injuries.

21. After the crash, Defendant McDonald told Ms. Kantor that he did not see or hear her before he turned his truck into her car.

22. As a direct and proximate result of the Defendants' tortious conduct, Ms. Kantor has suffered and will in the future continue to suffer great pain, agony, mental anguish, and loss of life's pleasures, embarrassment and humiliation and has been and will in the future be hindered and prevented from attending to her regular activities to her great detriment and loss.

23. As a direct and proximate result of the Defendants' tortious conduct, Ms. Kantor has suffered severe and permanent injuries to her head, neck, back and surrounding body parts,

including post-concussion syndrome, vitreous detachment of left eye and three retinal tears, blurred vision, post traumatic headache, chronic neck and back pain, chronic muscle spasms and myofascial pain syndrome, exacerbation of prior Chiari malformation symptoms, and exacerbation and acceleration of previously asymptomatic cervical conditions, and other injuries, both known and unknown, all or some of which have caused her great pain and suffering.

24. As a direct and proximate result of the Defendants' tortious conduct, Ms. Kantor has received medical treatments for her neck, back and left shoulder, including but not limited to physical therapy, vision therapy, laser eye surgery, trigger point injections and acupuncture.

25. As a direct and proximate result of the Defendants' tortious conduct, Ms. Kantor has incurred bills for medical treatment and will or may incur bills for additional medical treatment in the future.

26. As a further result of Defendants' tortious conduct, Ms. Kantor has incurred and will incur in the future other financial losses, including lost wages and reduced earning capacity.

## COUNT I – NEGLIGENCE
### Plaintiff Carolyn Kantor v. Defendant McDonald

27. The preceding paragraphs are incorporated by reference as if fully set forth herein at length.

28. The negligence and carelessness of Defendant McDonald, which caused the injuries and damages to Ms. Kantor consisted, *inter alia*, of the following:

   (a) Operating the vehicle in careless disregard for the safety or persons or property in violation of 75 Pa. Cons. Stat. § 3714;

   (b) Making an unlawful lane change in violation of 75 Pa. Cons. Stat. § 3334;

(c) Failing to have his motor vehicle under proper and adequate control;

(d) Failing to give proper and sufficient warning of the approach of his motor vehicle;

(e) Failing to keep a proper lookout;

(f) Failing to properly apply brakes;

(g) Operating his vehicle in a dangerous manner under the circumstances;

(h) Failing to remain continually alert while operating his motor vehicle;

(i) Failing to exercise ordinary care to avoid a collision;

(j) Operating said motor vehicle improperly under the circumstances;

(k) Operating said vehicle with knowledge Ms. Kantor was in danger of being injured;

(l) Otherwise failing to exercise due care under the circumstances; and

(m) Such other liability producing conduct as discovery shall disclose.

WHEREFORE, Plaintiff Carolyn Kantor respectfully requests this Honorable Court enter judgement in her favor and against Defendant Richard Leahn McDonald, in an amount in excess of seventy-five thousand ($75,000.00) dollars in addition to interests, costs, and delay damages to the full extent available under the law.

## COUNT II – NEGLIGENCE
**Plaintiff Carolyn Kantor v. Defendants Roach and Rapid**
*Respondeat Superior*, Negligent Entrustment

29. The preceding paragraphs are incorporated by reference as if fully set forth herein at length.

30. At all relevant times, Defendant McDonald was the agent, servant, workman or employee of Defendants Roach and Rapid, and was operating a truck, in the course and scope of his employment with Defendants Roach and Rapid.

31. Defendants' negligence and/or carelessness, by and through Defendant McDonald consisted of one or more of the following:

    a. Strict liability with *respondent superior*;

    b. Negligently entrusted a motor vehicle to Defendant McDonald for use when they knew, or with reasonable exercise of due care, should have known, that the operator was not capable of operating the motor vehicle properly;

    c. Negligently entrusted a motor vehicle to Defendant McDonald for use when they knew, or in the exercise of reasonable care, should have known, the operator was going to operate the vehicle in a negligent manner;

    d. Negligently entrusted a motor vehicle to Defendant McDonald for use without regard for the safety of other as, specifically, Ms. Kantor;

    e. Negligently hiring of Defendant McDonald when Defendants knew or should have known that Defendant McDonald would not be a safe and responsible driver while performing his duties for them; and

    f. Negligent retention of Defendant McDonald when Defendants knew or should have known that Defendant McDonald would not be a safe and responsible driver while performing his duties for them.

32. Due to these independent acts of negligence, Defendants Roach and Rapid are jointly and severally responsible for all of the damages suffered by Ms. Kantor as a result of the crash, as set forth in detail previously in this complaint.

WHEREFORE, Plaintiff Carolyn Kantor respectfully requests this Honorable Court enter judgement in her favor and against Defendants Demetrius H. Roach and Rapid Fast LLC, in an

amount in excess of seventy-five thousand ($75,000.00) dollars in addition to interests, costs, and delay damages to the full extent available under the law.

## COUNT III – NEGLIGENCE

### Loss of Consortium
### Plaintiff Gregory Shugar v. All Defendants

33. The preceding paragraphs are incorporated by reference as if set forth fully below.

34. As a further result of the aforesaid negligence of Defendants McDonald, Roach and Rapid, Mr. Shugar has been, or will be in the future, required to expend various sums of money for medicine and medical attention in or about endeavoring to treat and cure his wife of the injuries she sustained as aforesaid.

35. As a further result of the injuries sustained by his wife, Mr. Shugar has been in the past and will be in the future deprived of the assistance, companionship, consortium and society of his wife, all of which has been and will be to his great damage and loss.

WHEREFORE, Plaintiff Gregory Shugar respectfully requests this Honorable Court to Enter judgment in his favor and against Defendants Richard Leahn McDonald, Demetrius H. Roach and Rapid Fast LLC, in an amount in excess of seventy-five thousand ($75,000.00) dollars in addition to interests, costs, and delay damages to the full extent available under the law.

SILVER & SILVER

By: _____
Joseph F. Schwartz, Esquire
Attorney for Plaintiffs

Date: July 11, 2023